UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS STROBEL and JO ANN STROBEL,<br><br>        Plaintiffs,<br><br>   v.<br><br>COLGATE-PALMOLIVE COMPANY; JOHNSON & JOHNSON; JOHNSON & JOHNSON CONSUMER, INC., et al.,<br><br>        Defendants. | No. 2:19-cv-00767-MCE-KJN<br><br>**ORDER** |

Through the present lawsuit, Plaintiff Douglas Strobel seeks damages for the terminal mesothelioma he claims to have contracted as a result of his use of and exposure to talcum products manufactured and/or distributed by Defendants Colgate-Palmolive and Johnson & Johnson. Strobel and his wife, Plaintiff Jo Ann Strobel (hereinafter "Plaintiffs") commenced their action by filing a complaint in the Solano County Superior Court on March 21, 2019. Thereafter, on May 1, 2019, Defendant Johnson & Johnson ("Johnson") removed Plaintiffs' lawsuit to this Court pursuant to 28 U.S.C. §1452(a), arguing that federal jurisdiction under 28 U.S.C. § 1334(b) is present because Plaintiffs' claims are "related to" Chapter 11 bankruptcy proceedings filed by a talcum supplier, Imerys Talc America, Inc.("Imerys"), in Delaware on February 13, 2019.

Imerys is not a defendant in Plaintiffs' lawsuit.

Plaintiffs now move to remand their action back to the originating state court, arguing that federal jurisdiction is lacking because the necessary relation between their case and the Imerys bankruptcy proceedings is lacking. Alternatively, Plaintiffs claim that this court should abstain from exercising jurisdiction in any event under 28 U.S.C. § 1334(c), and argue that equitable remand under 28 U.S.C. § 1452(b) is indicated.

Johnson argues, for its part, that this Court should, at the very least, refrain from addressing Plaintiffs' Motion until a pending Johnson's Motion to Fix Venue for Claims Related to Imerys' Bankruptcy, which it filed on April 18, 2019 in the United States District Court for the District of Delaware, has been adjudicated. Through that Motion, Johnson asks that the Delaware District Court assume the handling of removed personal injury/wrongful death claims stemming from talcum powder use/exposure as "related to" the bankruptcy proceedings already pending in Delaware. Consequently, Johnson's goal is to have this case, and roughly 2,400 others, removed from state to federal court and thereafter transferred to Delaware for disposition.

As a court of limited jurisdiction, it is incumbent on this Court to initially establish whether the exercise of its jurisdiction is proper in the first instance. See In re Asbestos Litig., No. 01-1790-PA, 2002 WL 649400 (D. Or. Feb. 1, 2002) at *2 (the court has a "primary and independent duty to determine its own subject matter jurisdiction").

28 U.S.C. § 1452(a) allows the removal of bankruptcy related claims, stating that a party may "remove any claim or cause of action in a civil action to the district court for the district where such action is pending" is the district court has jurisdiction of the claim or cause of action under 28 U.S.C. § 1334. § 1334(b), in turn, vests district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11."

Johnson argues that this Court has "related to" jurisdiction under 28 U.S.C. § 1334(b) because (1) pursuant to various supply agreements, Imerys must defend and indemnify against Plaintiffs' claims' (2) Imerys has sought coverage under shared

2

insurance policies with Johnson for expenses incurred in defending other talc-related lawsuits; and (3) there accordingly is a unity of interest between the two companies. As the Defendant seeking removal, Johnson bears the burden of establishing federal jurisdiction. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Courts have long recognized a "strong presumption against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).

In the view of this Court, Johnson cannot establish jurisdiction on the basis of non-party Imerys' possible indemnification or defense obligations. As another court has already determined when confronted with this same issue, the determination of any such liability will likely require separate litigation, apart and distinct from and irrelevant to these Plaintiffs' claims against Johnson alone. See June 19, 2019 Order in Honor v. Johnson & Johnson, No. 1-19-cv-10760-RWZ, p.3, attached as Ex. B. to the Decl. of Richard M. Grant in Support of Reply, ECF No. 17-1 (citing In re W.R. Grace & Co., 412 B.R. 657, 667 (D. Del. 2009) (court lacks "related to" jurisdiction when subsequent lawsuit against debtor is required to determine indemnification obligations). Moreover, as another judge has also noted with respect to any indemnification obligations owed by Imerys in this instance, such obligations are both "hotly disputed" and "surely not automatic." Rivera v. Johnson & Johnson, 19-cv-10747-LTS, ECF No. 29 at p. 4 (D. Mass May 31, 2019).

Similarly unavailing is Johnson's contention that jurisdiction exists because of Imerys' alleged right to shared insurance with Johnson. That issue is also disputed and likely to be the subject of protracted litigation apart from Plaintiffs' lawsuit. Finally, Johnson has failed to establish a sufficient unity of interest between it and Imerys such that Imerys is the real part defendant. See id. (quoting A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986).

The Court consequently concludes that it lacks subject matter jurisdiction in this matter and remands on that basis.[1] Even were jurisdiction to be present, however. The

---

[1] Having determined that oral argument was not of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

3

Court may still exercise its discretion to remand the action to state court. Once a claim has been removed pursuant to 28 U.S.C. § 1452(a), the court to which the claim has been removed "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). The "any equitable ground" standard under § 1452(b) is an unusually broad grant of authority. As such it "subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes" and "is committed to the sound discretion of the . . . judge." McCarthy v. Prince, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999). The assessment of whether equitable grounds exist for remand implicates a number of factors:

> Those factors have included, among other things, judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.

In re TIG Ins. Co., 264 B.R. 661, 665-66 (Bankr. S.D. Cal. 2001) (citing W. Helicopters, Inc. v. Hiller Aviation, Inc., 97 B.R. 1, 2 (E.D. Cal. 1988)). "Because Section 1452(b) affords 'an unusually broad grant of authority,' any one of the relevant factors may provide a sufficient basis for equitable remand." Stichting Pensioenfonds ABP v. Countrywide Fin. Corp., 447 B.R. 302, 310 (C.D. Cal. 2010) (quoting In re Roman Catholic Bishop of San Diego, 3734 B.R. 756, 761 (Bankr. S.D. Cal. 2007)).

This Court believes that equitable grounds support remand of the instant matter. Plaintiffs, who are California residents, commenced their lawsuit in state court. Forcing Plaintiffs to litigate their claims in a distant forum (i.e., the District of Delaware) would be inequitable. States cases of this nature have already been the subject of coordinated proceedings with hundreds of other actions in state court where other plaintiffs claim that talcum powder exposure resulted in personal injury and wrongful power. See Judicial Council Coordination Proceedings, Case No. 4872. Such coordination may help to both promote efficiency and avoid inconsistent rulings, with such considerations weighing in

4

favor of this Court exercising its discretion in remanding this matter on equitable grounds.

Moreover, because Plaintiffs assert only California state law claims in this matter, comity also favors remand. See Estate of Scott v. Cervantes, No. CV 08-03293 MMM (CWx), 2008 WL 11337657 at * 4 (C.D. Cal. July 29, 2008) "Where issues of state law predominate, comity . . . favors remand."); see also McCarthy v. Prince, 230 B.R. 414, 418 (B.A.P. 9th Cir. 1999) ("State courts are, by definition, fully competent to resolve disputes governed by state law."); W. Helicopters v. Hiller Aviation, 97 B.R. at 6 ("A state court is better able to hear and determine a suit involving questions of state law than is a bankruptcy court.").[2]

For all the above reasons, Plaintiffs' Motion to Remand (ECF No. 14) is GRANTED on grounds that this Court lacks jurisdiction over the subject matter of this lawsuit. Additionally, even if jurisdiction were present, remand on equitable grounds is indicated.[3] The Clerk of the Court is directed to remand this case to the originating state court, the Superior Court of the State of California in and for the County of Solano, for final adjudication. The Clerk shall thereafter close the case in this Court.

IT IS SO ORDERED.

DATED: June 28, 2019

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] It bears mentioning that according to Plaintiffs' Reply, district courts have already remanded some 392 cases back to the originating state court, primarily under an equitable remand analysis. ECF No. 17, 2:14-16; see also Decl. of Richard M. Grant in Support of Mot., ECF No. 14-1, Ex. D. That figure includes some 314 cases from the Central District of California alone. Grant Decl., ECF No. 17-1, Ex. A.

[3] While Plaintiffs also argue that this Court should abstain from exercising jurisdiction under 28 U.S.C. § 1334(c), given that remand is already indicated on the grounds enumerated above the Court need not address that issue and declines to do so.